[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 26, 2008
THOMAS K. KAHN
CLERK

No. 07-14149
Non-Argument Calendar

----------------------------------------

D.C. Docket  No. 07-20009-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALPHONSO CLARK,

Defendant-Appellant.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------------------------

**(August 26, 2008)**

Before EDMONDSON, Chief Judge, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Defendant-Appellant Alphonso Clark appeals his 262-month sentence

imposed after he pled guilty to conspiracy to possess with intent to distribute 50

grams or more of cocaine base, 21 U.S.C. § 846(a)(1). No reversible error has been shown; we affirm.

On appeal, Clark argues that his sentence is unreasonable in the light of his poor mental and physical health, drug addiction, and prior drug crimes, which involved only small drug amounts. We review Clark's sentence for reasonableness in the light of the factors set out in 18 U.S.C. § 3553(a). See United States v. Winingear, 422 F.3d 1241, 1244-46 (11th Cir. 2005). And we evaluate the reasonableness of a sentence using a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007).

Briefly stated, under section 3553(a), a district court should consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

We conclude that Clark's sentence was reasonable. The district court correctly calculated Clark's advisory Guidelines range at 262 to 327 months based on his status as a career offender, U.S.S.G. § 4B1.1, and sentenced him to the low point of that range. See Talley, 431 F.3d at 788 (noting that "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). In addition, Clark's 262-month sentence is well below the statutory maximum life sentence he could have received. See 21 U.S.C. § 841(b)(1)(A)(iii); Winingear, 422 F.3d at 1246 (comparing, as one indication of reasonableness, the actual prison term imposed against the statutory maximum).

And the district court explained that it considered the information in the presentence investigation report and the parties' arguments and concluded that nothing justified a sentence below the Guidelines range. The district court considered both Clark's mental and physical health and his extensive criminal history in drug crimes. The district court acknowledged that Clark had limited mental capabilities but also noted that nothing indicated that he was incompetent and his participation in the instant drug conspiracy was of his own free will, flagrant, open, and notorious. The district court's statement of reasons was sufficient. See United States v. Rita, 127 S.Ct. 2456, 2468-69 (2007) (a lengthy explanation is not necessarily required when a judge decides to follow the

Guidelines in a particular case, especially where a sentencing judge has listened to the arguments of the parties, considered the supporting evidence, and was aware of the special conditions of the defendant).

Based on the factors outlined in section 3553(a) and our review of the record, we conclude that Clark has not carried his burden of showing that his sentence was unreasonable.

AFFIRMED.